IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EQUITY MEDIA HOLDINGS | § | CASE NO. 4:08-BK-17646 |
| CORPORATION,  et al. | § | JOINTLY ADMINISTERED |
| | § | |
| DEBTORS | § | CHAPTER 11 |

## DEBTORS' MOTION TO CONVERT CASES TO CHAPTER 7

Equity Media Holdings Corporation ("EMHC") and its subsidiary debtors in the above jointly administered cases (the "Subsidiary Debtors"),[1] as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## I. PRELIMINARY STATEMENT

1. By this Motion, the Debtors request that these jointly administered chapter 11 cases be converted to cases under chapter 7 of the Bankruptcy Code. During the course of their chapter 11 cases, the Court has authorized the Debtors to sell substantially all of their television stations and related assets, and the Debtors have closed substantially all of those sales. The principal remaining tangible assets include the SkyPort Network Uplink facility and related assets (the "SkyPort System") and the building and real property on which the SkyPort System is located in Little Rock, Arkansas (the "SkyPort Premises"). Under the terms of an Asset Purchase Agreement, dated February 16, 2010 (the "Sale Agreement"), and a prior order of the Court approving same,

---

[1] The Subsidiary Debtors include Arkansas 49, Inc., EBC Detroit, Inc., EBC Harrison, Inc., Borger Broadcasting, Inc., EBC Jacksonville, Inc., C.A.S.H. Services, Inc., EBC Kansas City, Inc., Equity News Services, Inc., EBC Los Angeles, Inc., Denver Broadcasting, Inc., EBC Minneapolis, Inc., EBC Atlanta, Inc., EBC Nashville, Inc., EBC Panama City, Inc., EBC Buffalo, Inc., Fort Smith 46, Inc., Logan 12, Inc., Marquette Broadcasting, Inc., Nevada Channel 3, Inc., Nevada Channel 6, Inc., Newmont Broadcasting Corporation, EBC Provo, Inc., Price Broadcasting, Inc., Pullman Broadcasting, Inc., EBC Scottsbluff, Inc., Rep Plus, Inc., EBC Seattle, Inc., River City Broadcasting, Inc., EBC Southwest Florida, Inc., Roseburg Broadcasting, Inc., TV 34, Inc., EBC Syracuse, Inc., EBC Pocatello, Inc., EBC St. Louis, Inc., EBC Waterloo, Inc., La Grande Broadcasting, Inc., Montgomery 22, Inc., Shawnee Broadcasting, Inc., EBC Waco, Inc., Vernal Broadcasting, Inc., Wyoming Channel 2, Inc., H&H Properties Limited Partnership, Woodward Broadcasting, Inc., Montana Broadcasting Group, Inc., Central Arkansas Payroll Company, Montana License Sub, Inc., Equity Broadcasting Corporation, Equity Insurance Inc., KLRA, Inc., EBC Mt. Vernon, Inc., EBC Wichita Falls, Inc. and EBC Boise, Inc.

the SkyPort System, SkyPort Premises and certain FCC licenses were to be sold to United Assurance Company Limited and Global Broadcast Network, Inc. (collectively, the "Buyers"); however, the Buyers defaulted on their obligations, failed to close and, as a result thereof, on June 4, 2010, the Debtors commenced an adversary proceeding against the Buyers.

2.     At this point, the Debtors see no possibility of a successful reorganization, their post-petition secured loan obligations to their DIP Lenders have come due, and the Debtors have no funds with which to continue to operate in chapter 11.  As such, the Debtors believe it is in the best interests of their estates and creditors to convert their chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, so that a chapter 7 trustee may continue the litigation against the Buyers for their breaches of the Sale Agreement, pursue preference and other actions for the benefit of the Debtors' estates and creditors, and wind down the Debtors' affairs.

## II. BACKGROUND

3.     On December 8, 2008, EMHC filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.     On December 16, 2008, the Subsidiary Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.     Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties, affairs and assets as debtors-in-possession. The Debtors' chapter 11 cases (the "Bankruptcy Cases") are being jointly administered for procedural purposes under Case No. 4:08-BK-17646.

## III. ARGUMENT AND AUTHORITY

6. Pursuant to section 1112(a) of the Bankruptcy Code, a debtor <u>may</u> convert a case under chapter 11 of the Bankruptcy Code to a case under chapter 7 of the Bankruptcy Code, <u>unless</u> (i) the debtor is not a debtor in possession, (ii) the case originally was commenced as an involuntary case, or (iii) the case was converted to a case under chapter 11 other than on the debtor's request.

7. As none of the exceptions set forth in section 1112(a) of the Bankruptcy Code are applicable here, the Debtors may convert the Bankruptcy Cases to cases under chapter 7 of the Bankruptcy Code.

8. Furthermore, section 1112(b) of the Bankruptcy Code provides a mechanism for dealing with failing chapter 11 cases by subjecting them to conversion to chapter 7 or dismissal if a party-in-interest establishes "cause." 11 U.S.C. § 1112(b); *In re Hyperion Found., Inc.*, 2009 WL 2477392, at *2 (Bankr. S.D. Miss. Aug. 11, 2009). Section 1112(b)(1) of the Bankruptcy Code provides:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

9. Cause exists under section 1112(b), *inter alia*, when the moving party shows continuing losses to the estate coupled with the absence of a reasonable likelihood of rehabilitation, or the inability to effectuate a plan of reorganization. 11 U.S.C. § 1112(b)(4)(A); *Sullivan Cent. Plaza I, Ltd. v. Bancboston Real Estate Cap. Corp. (Matter of Sullivan Cent. Plaza I, Ltd.)*, 935

F.2d 723, 728 (5th Cir. 1991). A determination of whether cause under section 1112(b) exists rests in the sound discretion of the bankruptcy court. *Sullivan*, 935 F.2d 723, 728 (5th Cir. 1991).

10. Under the present circumstances, cause clearly exists to convert the Bankruptcy Cases to proceedings under chapter 7 because of "continuing loss to or diminution of the [Debtors'] estate[s] and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

11. There are no "unusual circumstances" present in these Bankruptcy Cases that dictate that conversion is not in the best interest of all parties-in-interest. The Debtors have made their best efforts to liquidate and sell their assets. Accordingly, the Bankruptcy Cases should be converted to cases under chapter 7 of the Bankruptcy Code.

## IV. CONCLUSION AND PRAYER

For the reasons set forth above, the Debtors request (i) that the Court enter an order converting the Bankruptcy Cases to cases under chapter 7 of the Bankruptcy Code, and (ii) awarding the Debtors any further relief the Court deems appropriate.

Dated: June 17, 2010                                Respectfully submitted by,

                                                    NELIGAN FOLEY LLP

                                                    By: */s/Patrick J. Neligan, Jr.*
                                                         Patrick J. Neligan, Jr.
                                                         Texas State Bar No. 14866000
                                                         pneligan@neliganlaw.com
                                                         James P. Muenker
                                                         Texas State Bar No. 24002659
                                                         jmuenker@neliganlaw.com

                                                    325 N. St. Paul, Suite 3600
                                                    Dallas, Texas 75201
                                                    Telephone: 214-840-5300
                                                    Facsimile: 214-840-5301

James F. Dowden, Esq.
JFDowden@swbell.net

212 Center Street, Tenth Floor
Little Rock, Arkansas 72201
501-324-4700
Facsimile 501-374-5463

COUNSEL FOR THE DEBTORS