B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|

| PLAINTIFFS<br>M. Randy Rice, Trustee<br>523 S. Louisiana, Suite 300<br>Little Rock, AR 72201 | DEFENDANTS<br>Neal Ardman<br>42 Ledgelawn Drive<br>Little Rock, AR 72212<br><br>Neal Ardman d\b\a<br>NIA Broadcasting, Inc.<br>42 Ledgelawn Drive<br>Little Rock, AR 72212 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>M. Randy Rice<br>Rice Law Office<br>523 S. Louisiana, #300<br>Little Rock, AR 72201<br>(501) 374-1019 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>[ ] Debtor       [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor   [ ] Other<br>[X] Trustee | PARTY (Check One Box Only)<br>[ ] Debtor       [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor   [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Trustee is requesting that this Court renders judgment against the defendants for preferential payments received from the debtor within ninety (90) days of the filing of the bankruptcy petition

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

[ ] Check if this case involves a substantive issue of state law      [ ] Check if this is asserted to be a class action under FRCP 23

[ ] Check if a jury trial is demanded in complaint      Demand $

B104 (FORM 104) (08/07), Page 2

| Other Relief Sought |
|---|
| |

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Equity Media Holdings Corporation | | BANKRUPTCY CASE NO.<br>4:08-bk-17646M |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Arkansas | DIVISION OFFICE<br>Little Rock | NAME OF JUDGE<br>James G. Mixon |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ M. Randy Rice<br>M. Randy Rice | |
| DATE<br>December 7, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>M. Randy Rice |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concern ing the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

Plaintiffs and Defendants. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

Attorneys. Give the names and addresses of the attorneys, if known.

Party. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

Demand. Enter the dollar amount being demanded in the complaint.

Signature. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

Re:  Equity Media Holdings Corporation                               Case No. 4:08-bk-17646M
                                                                                                         Chapter 7

M. Randy Rice, Trustee                                                                        Plaintiff

v.                                              AP No. _____

Neal Ardman and Neal Ardman                                                          Defendants
d\b\a NIA Broadcasting, Inc.

### COMPLAINT TO AVOID PREFERENTIAL PAYMENTS AND FOR JUDGMENT AGAINST THE DEFENDANT

M. Randy Rice, trustee of the above named debtor's estate, hereby requests this Court to set aside all preferential payments made by the debtor to the defendant within ninety (90) days of the filing of the bankruptcy petition and states as follows:

1. On or about December 8, 2008, the debtor filed a chapter 11 bankruptcy proceeding. This case was subsequently converted to a chapter 7 on June 21, 2010.  The plaintiff, M. Randy Rice, was appointed trustee of this estate on or about that same date.  It is in this capacity as trustee that this cause of action is brought.

2. The defendant, Neal Ardman is an individual doing business as NIA Broadcasting, Inc. who was previously licensed to do business in the State of Arkansas but whose status was revoked on December 31, 2000.

3. This is a core proceeding over which the Court has jurisdiction under 28 U. S. C. S. §§ 157(b) (2) (I) and 1334 and 11 U. S. C. S. § 547.

4. This is a proceeding to avoid the transfers from the debtor to the defendants within ninety (90) days of the bankruptcy filing.  This is an adversary proceeding pursuant to FRBP 7001.

5. Within ninety (90) days of the debtor filing its bankruptcy petition, the following payments were made to the defendants:

| Date | Check Number | Payable to | Amount |
|---|---|---|---|
| 09/30/2008 | Unknown | NIA Broadcasting | $ 30,000.00 |
| 10/01/2008 | Unknown | NIA Broadcasting | 43,750.00 |

| | | | |
|---|---|---|---|
| 10/31/2008 | Unknown | NIA Broadcasting | 30,000.00 |
| 12/01/2008 | Unknown | NIA Broadcasting | 30,000.00 |

6. The debtor was insolvent at the time that these transfers were made to the defendants, for the benefit of the defendants, and the transfers were for the purpose of paying an antecedent debt owed by the debtor to the defendants before the transfer was made. The payments were made on delinquent past due accounts, some of which had been delinquent more than 120 days prior to payment.

7. At the time the transfers were made, the total assets of the debtor were valued at $8,157,076.05 or less. The total debts of the debtor exceeded $63,000,000.00.

8. The effect of the transfer enabled the defendants to receive more than the defendants would receive if the transfer had not taken place and had defendants received payment of its debt to the extent provided by the provisions of Title 11 U. S. C. S. § 101 et seq. But for the transfer, the defendants would have been a general unsecured creditor and would receive less than one percent (1%) of the actual payments listed above.

9. Plaintiff requests that this Court finds that the transfer of funds to the defendants within ninety (90) days of the filing of the bankruptcy petition be found to be preferential payments that should be avoided. Plaintiff further requests that this Court renders a judgment in favor of the plaintiff in the amount of $133,750.00 plus any additional preferential transfers found.

**WHEREFORE**, the plaintiff prays that this Court finds and orders that the defendants received preferential payments in accordance with 11 U. S. C. S. § 547 from the debtor on the dates listed to the defendant in the amount of $133,750.00 for an antecedent debt that was owed to the defendants by the debtor. Plaintiff further prays that this Court renders judgment in favor of the plaintiff in the amount of $133,750.00 plus any additional preferential transfers found and for all other appropriate relief.

DATE  December 8, 2010

Respectfully Submitted;

/s/ M. Randy Rice, Trustee
523 S. Louisiana, #300
Little Rock, AR 72201