United States Bankruptcy Court

Eastern District of Arkansas

In re Equity Media Holdings, Case No. 4:08-bk-17646

Court ID (Court use only)_____

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Argo Partners** | **Larry Morton** |
| Name and Address for notices and payments: | Court Record Address of Transferor |
| 12 West 37th Street, 9th Floor | (Court Use Only) |
| New York, NY 10018 | |
| Phone:(212) 643-5443 | |
| | Name & Current Address of Transferor |
| | **Larry Morton** |
| | PO Box 17248 |
| | Little Rock, AR 72222 |
| | Phone: (501) 227-2000 |
| | |
| | Court Claim # 10 |
| | Allowed at $320,004.00 (As per dkt #1196 attached) |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:/s/ Scott Krochek                                                     Date: April 17, 2020
Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                                     _____
                                                                              **CLERK OF THE COURT**

## ASSIGNMENT OF CLAIM 10-1

Larry Morton, having a mailing address at **PO Box 17248, Little Rock, AR 72222** ("Assignor"), in consideration of the sum of ▮▮▮▮▮▮▮▮ **(the "Purchase Price")**, does hereby transfer to Argo Partners, which includes Argo Partners II LLC and Argo Partners Fund III LLC, having an address at 12 West 37th Street, 9th Fl. New York, NY 10018 ("Assignee") all of Assignor's right, title and interest in and to claim or claims of Assignor, as more specifically set forth (the "Claim") Equity Media Holdings Case No. 4:08-bk-17646, ("Debtor") Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Eastern District of Arkansas (the "Court"), jointly administered under Equity Media Holdings Case No. 4:08-bk-17646 in the currently outstanding amount of not less than **$320,004.00**

Assignor represents and warrants that the amount of the Claim is not less than **$320,004.00**; the Claim in that amount is valid. Assignor further represents and warrants that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim, and that there are no liabilities to the debtors or to any other third party relating to this claim. Assignment is only for future distributions, if any.

Assignor agrees to indemnify Assignee from all losses, damages and liabilities, including attorneys fees and expenses, which result from Assignor's breach of any representation, warranty or covenant set forth herein, or from any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim. Neither party hereto assumes or shall be responsible for any obligations or liabilities of the other party related to or in connection with this Assignment of Claim.

Assignor is aware that the above Purchase Price may differ from the amount ultimately to be distributed in the Proceedings with respect to the Claim. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor, or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

### CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.
IN WITNESS WHEREOF, the undersigned **Assignor** hereunto sets its hand this __15th__ day of __April__ 2020.

ATTEST:
By: *Larry Morton* (signature)
Signature

LARRY MORTON
Print Name/Title
Larry Morton

501-476-1507
Telephone #

Fax #

equitylem@gmail.com
E-mail

IN WITNESS WHEREOF, the undersigned **Assignee** hereunto sets its hand this __17th__ day of __April__ 2020.
ATTEST:

By: *Scott Krochek*
Scott Krochek
Argo Partners
(212) 643-5443
(212)-643-6401 Fax
Zeeshan Aziz